IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT W. JOHNSON,

    Plaintiff,

v.                                                 No. 1:24-cv-00923-KWR-JMR

QUALITY IS OUR RECIPE LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*,[1] resides in Syracuse, New York. *See* Complaint for Violation of Civil Rights at 2, Doc. 1, filed September 13, 2024 ("Complaint"). Defendant is located in Syracuse, New York. *See* Complaint at 2. Plaintiff asserts claims for discrimination, civil rights violations and due process violations and states "the events giving rise to [Plaintiff's] claim(s) occur[ed] … [in] Syracuse, NY" on September 6, 2024. Complaint at 3-4. The only factual allegations in the Complaint state: "On 09/06/2024 [Plaintiff] was assaulted and injured at [Defendant] Quality Is Our Recipe LLC while employed and was terminated illegally by Manager Sarah." Complaint at 4. There are no factual allegations showing that Defendant's acts/omissions were motivated by discriminatory animus, that Defendant violated Plaintiff's civil rights or that Defendant deprived Plaintiff of due process.

The statute governing venue in general states:

    **Venue in general.**--A civil action may be brought in—

---

[1] The Complaint is signed by attorney "Willie Johnson," bar number "999999." Complaint at 6. Willie Johnson has not entered an appearance or obtained leave of the Court to sign and file any documents in this case as required by Local Rule of Civil Procedure D.N.M.LR-Civ. 83.4(a).

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004).

The Court concludes that the District of New Mexico is not a proper venue for this case because Defendant does not reside in the District of New Mexico and there are no allegations that any of the events or omissions giving rise to the claim occurred in the District of New Mexico. The Court concludes that a transfer of this case is not in the interests of justice because: (i) the events giving rise to this case occurred on September 6, 2024, consequently Plaintiff's claims will not be barred by a statute of limitations if filed in the proper forum; (ii) the Complaint does not allege facts showing that the claims are likely to have merit; and (iii) Plaintiff should have realized

that the District of New Mexico is an improper forum. The Court dismisses this case without prejudice because the District of New Mexico is not the proper venue. Because it is dismissing this case, the Court denies Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 16, 2024, as moot.

**Order to Show Cause**

This is the fourth case ("*Johnson IV*") Plaintiff has filed in this Court since September 6, 2024. *See Johnson v. Marion*, No. 1:24-cv-00890-KRS ("*Johnson I*"); *Johnson v. Robert J. Carter Trust*, No. 1:24-cv-00913-LF ("*Johnson II*"); *Johnson v. Phillips*, No. 1:24-cv-00922-DHU-JMR ("*Johnson III*"). For each of the four cases, the proper venue is the Northern District of New York where Plaintiff resides, Defendants are located and the events giving rise to the cases occurred. Plaintiff has not explained why he has filed the four cases in this Court. The Court notes that in each case, Plaintiff mailed his Complaint to this Court in an envelope that shows a return address for another court, not Plaintiff's address. *See* Doc. 1 at 9, filed September 6, 2024, in *Johnson I* (return address: "Court Clerk, 35 W. 5th Street, Covington, KY 41011"); Doc. 1 at 10, filed September 13, 2024, in *Johnson II* (return address: "Eastern District of Missouri, 111 South 10th Street, Suite 2.319, St. Louis, MO 63102-1128"); Doc. 1 at 9, filed September 16, 2024, in *Johnson III* (return address: "United States Courthouse, 351 South West Temple, Rm. 1.100, Salt Lake City, Utah 84101"); Doc. 1 at 9, filed September 16, 2024, in *Johnson IV* (return address: "Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 North Miami Avenue, Miami, FL 33128").

The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings and orders Plaintiff to show cause why the Court should not impose the proposed filing restrictions.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. See *id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff:

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains

permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

    1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

    2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the

District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 16, 2024, is **DENIED.**

(iii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

    /S/ KEA W. RIGGS  
**UNITED STATES DISTRICT JUDGE**